# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | | |
|---|---|---|
| MICHAEL RICHARDSON, | ) | 3:18-cv-00339-MMD-WGC |
| | ) | |
| Plaintiff, | ) | **MINUTES OF THE COURT** |
| vs. | ) | |
| | ) | March 18, 2020 |
| NEVADA DEPARTMENT OF | ) | |
| CORRECTIONS, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

PRESENT:  <u>THE HONORABLE WILLIAM G. COBB</u>, U.S. MAGISTRATE JUDGE

DEPUTY CLERK:  <u> KAREN WALKER </u>    REPORTER:  <u> NONE APPEARING </u>

COUNSEL FOR PLAINTIFF(S):  <u>NONE APPEARING</u>

COUNSEL FOR DEFENDANT(S):  <u>NONE APPEARING</u>

**MINUTE ORDER IN CHAMBERS:**

Before the court are Plaintiff's Motion to Compel Responses to Interrogatories (ECF No. 28) and Plaintiff's Motion to Compel Production of Documents Medical Records (ECF No. 29). Plaintiff contends he mailed his first set of interrogatories and a request for production of documents to Defendants on January 27, 2020. On February 26, 2020, Plaintiff states Defendants responded to Plaintiff's discovery but "refused to provide the identity of a John Doe Doctor" and failed to make copies of his medical records pursuant to AR 639. (ECF No. 28 at 3; ECF No. 29 at 3.)

Plaintiff's motion does not include the required certification of a good faith attempt to meet and confer.  A motion seeking to compel responses to discovery must "include a certification that the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a); *see also* LR 26-7(c), which provides in pertinent part as follows:

> (c)    Discovery motions will not be considered unless the movant (1) has made a good faith effort to meet and confer as defined in LR IA 1-3(f) before filing the motion, and (2) includes a declaration setting forth the details and results of the meet-and-confer conference about each disputed discovery request.

The following is the pertinent text of LR IA 1-3(f):

(f)     Meet and Confer. Whenever used in these rules, to "meet and confer" means to communicate directly and discuss in good faith the issues required under the particular rule or court order. This requirement is reciprocal and applies to all participants. Unless these rules or a court order provide otherwise, this requirement may only be satisfied through direct dialogue and discussion in a face-to-face meeting, telephone conference, or video conference. The exchange of written, electronic, or voice-mail communications does not satisfy this requirement.

   (1)     The requirement to meet and confer face-to-face or via telephonic or video conference does not apply in the case of an incarcerated individual appearing pro se, in which case the meet-and-confer requirement may be satisfied through written communication.

   (2)     A party who files a motion to which the meet-and-confer requirement applies must submit a declaration stating all meet-and-confer efforts, including the time, place, manner, and participants. The movant must certify that, despite a sincere effort to resolve or narrow the dispute during the meet-and-confer conference, the parties were unable to resolve or narrow the dispute without court intervention.

   (3)     In addition to any sanction available under the Federal Rules of Civil Procedure, statutes, or case law, the court may impose appropriate sanctions under LR IA 11-8 for a party's failure to comply with the meet-and-confer requirement.

   (4)     Failure to make a good-faith effort to meet and confer before filing any motion to which the requirement applies may result in denial of the motion.

        Plaintiff's Motions to Compel (ECF Nos. 28 and 29) are **DENIED** without prejudice.  If Plaintiff elects to renew his motions, he must comply with Rule 37 and LR 26-7(c).

   **IT IS SO ORDERED.**

                                    DEBRA K. KEMPI, CLERK
                                    By: _____/s /
                                         Deputy Clerk